OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Merriman, Appellant, v. State Farm Insurance Company, Appellee.
[Cite as Merriman v. State Farm Ins. Co. (1993),     Ohio St. 3d    .]
Insurance -- Underinsured motorist coverage -- Wrongful death claim -- Insurers may contractually preclude intrafamily stacking but may not contractually preclude interfamily stacking.
(No. 93-330 -- Submitted November 10, 1993 -- Decided December 29, 1993.)
Appeal from the Court of Appeals for Ross County, No. 91 CA 1844.

William H. Allyn, Jr., for appellant.
Fosson, Mann & Preston and John L. Fosson, for appellee.

Appellant's motion to certify the record is allowed.  All issues in this case were decided by this court's recent case of Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St. 3d 500,     N.E.2d    .  "Insurers may contractually preclude intrafamily stacking -- the stacking of uninsured/underinsured limits of policies and coverages purchased by family members in the same household.***" Savoie, supra, paragraph two of syllabus.
Because this case involves the stacking of two insurance policies owned by a husband and wife, but the jurisdictional memoranda received by this court do not reveal whether the couple lived in the same household, we remand the cause to the trial court to obtain the information from the parties which is necessary to properly apply the intrafamily/interfamily stacking test announced in Savoie, supra, and to apply Savoie.
A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Moyer, C.J., concurs separately.
Wright, J., concurs in part and dissents in part.
Moyer, C.J., concurring separately.   I concur separately in the judgment entry in the above-styled case.  As my dissent in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,     N.E.2d    , stated, I do not agree with the law announced in the majority decision.  Nevertheless, it is the

law on the issue in the above-styled case.  As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

Wright, J., concurring in part and dissenting in part.  I concur in the result, but I must dissent from the reasoning herein in continuing protest to the majority's sundry holdings in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.